UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRODERICK HODGE, #352426,

        Plaintiff,

v.                                              CASE NO. 2:18-CV-10903
                                               HONORABLE NANCY G. EDMUNDS

COREY GRAHN, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN**

**I.**     **Introduction**

Michigan prisoner Broderick Hodge ("Plaintiff"), currently confined at the Richard A. Handlon Correctional Facility ("MTU") in Ionia, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 raising claims concerning his medical care and prison accommodations, conspiracy, and retaliation. The events giving rise to his complaint occurred while he was a prisoner at the Michigan Reformatory ("RMI") and at MTU, both of which are located in Ionia, Michigan and when he was treated at Duane Waters Hospital in Jackson, Michigan. Plaintiff names Nurse Practitioner Corey Grahn, Jane/John Doe health care staff at RMI and MTU, Registered Nurses Randel and Surbine Aiken, Sergeant Nicholas, and Corizon Health Care medical practitioners as the defendants in this action and sues them in their official and personal capacities. Plaintiff seeks monetary damages and any other appropriate relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

Having reviewed the complaint, the Court now dismisses it, in part, for failure to state

a claim against possible defendants Doctors Larson and Hill and Jane/John Does nos. 1-4, who are identified as treating parties at the Duane Waters Hospital in Jackson, Michigan but are not specified as defendants (collectively "the hospital employees") and are the only defendants based in the Eastern District of Michigan, and transfers the case to the United States District Court for the Western District of Michigan for further proceedings.

## II.  Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

> Plaintiff alleges the following with respect to the hospital employees:
>
> Doctor[s] Larson and Hill at [Duane] Waters Hospital acted with deliberate indifference to Plaintiff's serious medical needs and subjected him to wanton and unnecessary pain by switching his pain medication. Plaintiff also asserts that other John/Jane Doe employees nos. 1-4 were involved acting on behalf of Corizon Health Care Co., whose identities should become apparent after discovery.

Complaint, p. 13.

The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain

3

proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Plaintiff, however, makes no such showing. He admits that he received medical attention for his condition, including pain medication, from the hospital employees. When there is an ongoing pattern of treatment, a prisoner's constitutional rights are generally not infringed. *See, e.g., Pate-El v. Gluch*, 848 F.2d 193 (Table), 1988 WL 49054, *1 (6th Cir. 1988); *accord Huff v. Manfredi*, 504 F. App'x 342, 345 (5th Cir. 2012); *Ali v. Howard*, 353 F. App'x 667, 671 (3d Cir. 2009). Plaintiff alleges no facts which show that the hospital employees ignored his problems, acted with deliberate indifference, or intentionally caused him injury or pain with respect to his ailments. He merely alleges that they changed his pain medication – nothing more. Such conclusory allegations are insufficient to state a civil rights claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

While Plaintiff may disagree with the course of treatment provided and believe that different pain medication would have been more effective, he does not allege any facts or present documentation to show that the hospital employees acted unconstitutionally. *See Jennings v. Al–Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) (prisoner's personal opinion that his care was substandard or that he was not given treatment he requested raises a

4

claim of state law medical malpractice, not constitutionally defective medical care); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003). The Supreme Court has ruled that decisions about whether to order additional diagnostic tests or treatment are classic examples of the exercise of medical judgment and do not constitute cruel and unusual punishment. *Estelle,* 429 U.S. at 107. Additionally, it is well-settled that claims of negligence concerning a prisoner's medical treatment, *i.e.* medical malpractice, are not cognizable in a civil rights action under § 1983. *Id.* at 106; *see also Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992) (an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and does not state a claim under §1983); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff fails to allege factual allegations against the hospital employees which indicate that they acted with deliberate indifference or otherwise violated his constitutional rights. He thus fails to state a claim for relief under § 1983 as to the hospital employees with respect to his medical care and such claims against them must be dismissed.[1]

Plaintiff also broadly alleges that all of the defendants engaged in a conspiracy to violate his rights and retaliated against him. Complaint, pp. 14-15. To state a conspiracy

---

[1] Plaintiff indicates that he also seeks to raise state law claims of negligence and medical malpractice in this case. Complaint, p. 1. A federal court has discretion over whether to entertain pendent jurisdiction over state law claims filed with and arising out of the same facts as a § 1983 action. *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004 (6th Cir. 1987). The exercise of pendent jurisdiction over state law claims, however, is generally inappropriate when federal claims have been dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). Given that Plaintiff fails to state a federal claim against the hospital employees in his pleadings, the Court declines to exercise jurisdiction over any such state law claims.

claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. Plaintiff's allegations of conspiracy are vague and conclusory – and he raises no specific allegations of conspiratorial intent or conduct by the hospital employees in particular. He thus fails to state a conspiracy claim against the hospital employees in his complaint. *See, e.g., Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005). Any such claim against them must be dismissed.

To state a retaliation claim, a plaintiff must allege: (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff fails to meet these standards with respect to the hospital employees as he fails to allege facts which show their improper motive or a causal connection between any adverse action taken by them and constitutionally-protected activity. As noted, conclusory allegations are insufficient to state a civil rights claim. Plaintiff thus fails to state a retaliation claim against the hospital employees in his complaint. Any such claim against them must be dismissed.

## III. Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to the hospital employees. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint against those defendants. The Court makes no determination as to the allegations against the remaining defendants.

Given this dismissal, the Court concludes that this case should be transferred to the United States District Court for the Western District of Michigan. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. §

7

1404(a). A court may *sua sponte* transfer a case for improper venue. *See Carver v. Knox Co., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

In this case, the remaining defendants reside in Ionia, Michigan and Lansing, Michigan and the actions giving rise to most, if not all, of the remaining allegations in the complaint occurred there. Plaintiff is also confined in Ionia, Michigan. Ionia is in Ionia County and Lansing is in Ingham County, and both of those counties lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). The United States District Court for the Western District of Michigan is thus the proper venue and more convenient forum for this action. Accordingly, the Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§ 1391(b), 1406(a) and 1404(a).

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager